IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHELIA ROCHELLE NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV529 |
| v. ) | 1:09CR261-3 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Shelia Rochelle Neal,[1] a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 64.)[2] Petitioner was indicted on, and later pled guilty to, a single count of conspiracy to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Docket Entries 1, 29, 30, 41.) She was sentenced to 120 months of imprisonment. (Docket Entry 41.) Following an unsuccessful appeal (Docket Entries 57, 58, 60), she filed her current motion under § 2255. Respondent has filed a response (Docket Entry 71), Petitioner has filed a reply (Docket Entry 74), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## PETITIONER'S CLAIMS

Petitioner sets out four claims in her § 2255 motion and appears to raise further claims in her reply brief. The first claim in her § 2255 motion is that the prosecutors in the

---

[1] Petitioner signs her name as "Sheila" on the instant motion, however, the Court notes that throughout the docketing in this case Petitioner is referred to as "Shelia."
[2] This and all further cites to the record are to the criminal case.

case engaged in misconduct by indicting her on "erroneous charges." She adds that her charges "should have been crack cocaine" and that there were questions regarding the amount of drugs found. (Docket Entry 64, § 12, Ground One.) Her second claim is that she received ineffective assistance of counsel because she was charged with "crack base found with cocaine" and given an incorrect sentence. (*Id.*, Ground Two.) Petitioner's third claim is that there is a sentencing disparity between her case and similar cases involving the same conduct. (*Id.*, Ground Three.) Finally, Petitioner claims that she received ineffective assistance because her attorney did not contest her erroneous indictment and did not ensure that she was sentenced under "the new crack law." (*Id.*, Ground Four.)

In Petitioner's reply brief, she makes further arguments in support of these claims, some of which really appear to be new claims. Regarding her first claim, she contends that "cocaine base" as used in 21 U.S.C. § 841 refers only to "crack" and that she could not be sentenced based on crack because the government did not submit expert testimony that the cocaine she possessed or sold was "crack." She also contends that convictions under § 841(a)(1) and 841(b)(1)(A) constitute the same offense and violate double jeopardy protections. Likewise, she argues that calculating her sentence under both the applicable statutes and United States Sentencing Guidelines violates the Constitution's prohibition against double jeopardy because it amounts to prosecuting her twice for the same offense. As to her second and fourth claims, which allege ineffective assistance of counsel, she argues that her attorney was supposed to contest the amount of drugs found in the Presentence Report (PSR), but did not. Finally, as to her third claim, she asserts that she was promised,

but then improperly denied, the application of a safety-valve reduction and that one of her co-defendants was treated differently from her during the plea and sentencing process.

## DISCUSSION

### Claim One

Petitioner's first claim is difficult to interpret in her original motion and has multiple facets. However, overall, it appears mainly to be that she should not have been prosecuted and/or sentenced based on "cocaine base"/"crack cocaine" because those terms were not properly delineated or because the government did not submit expert testimony to show that the substance involved in her crime was crack cocaine. There is no merit to her claim.

Petitioner's indictment charged her with conspiring to distribute "cocaine base ('crack')." (Docket Entry 1 at 2.) Her plea agreement stated that she was pleading guilty to conspiring to distribute 50 grams or more of "cocaine base ('crack')." (Docket Entry 29, ¶¶ 1, 2.) At Petitioner's change of plea hearing, her attorney stated that she was pleading guilty to "conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, or crack cocaine" and that Petitioner was agreeing that the substance involved in her crime was "50 grams or more of a substance containing a detectable amount of crack cocaine." (Docket Entry 49 at 5-6.) The presiding judge asked Petitioner if she understood that she was pleading guilty to conspiring "to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, or crack cocaine" and that one of the penalties was "[i]mprisonment for not less than 10 years and not more than life." (*Id.* at 9) She replied that she did. (*Id.*) She also stated that

3

she understood that if she went to trial, the government would have to prove that she conspired to "distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, or crack cocaine," that she was giving up her right to trial, and that she was admitting to all of the elements of the offense. (*Id.* at 13-15.) In other words, the record in the case is abundantly clear that the terms "cocaine base" and "crack cocaine" were being used synonymously at all times. It is also clear that Petitioner understood this and that she admitted that the substance involved in her crime was cocaine base/crack. Because of that admission, there was no need for the government to introduce expert testimony or any other evidence to show the nature of the substance involved. Petitioner admitted, under oath, what the substance was.

Petitioner also raises a double jeopardy argument in her reply brief. That claim is frivolous. She was convicted of only one charge and sentenced, *i.e.* punished, only once for her conduct. It is not possible that any double jeopardy violation occurred. Her first claim for relief, however she phrases it, should be denied.

### Claims Two and Four

Petitioner's second claim for relief alleges that she received ineffective assistance of counsel because she "was charged with crack base found with cocaine" and "was incorrectly sentenced." Her fourth claim faults counsel for not contesting errors in the indictment and not seeing that she was sentenced "under the new crack law." In her reply, she adds an allegation that counsel was supposed to, but did not, contest the drug amounts listed in the PSR.

4

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).

Here, Petitioner's allegations that counsel failed to contest her "erroneous" indictment or the fact that she was sentenced for cocaine base or crack appear to be a reiteration of her first claim for relief. To the extent that this is true, the claim fails. For the reasons already discussed, there was no problem with Petitioner's indictment, guilty plea or sentencing as far as cocaine base or crack were concerned. Therefore, there were no motions or objections for counsel to raise and Petitioner could not have been prejudiced by counsel's failure to raise meritless arguments.

As far as contesting the drug amounts at sentencing, it is not clear why counsel would have done this. According to Petitioner's own reply brief, the PSR attributed 107.5 grams of cocaine base/crack to her for sentencing purposes. The PSR also calculated her advisory sentencing range, based on that amount, other drug amounts, and the fact that she pled guilty, to be 70 to 87 months. (Docket Entry 74 at 1-2.) Although counsel could have

5

theoretically challenged the 107.5 gram amount if evidence existed for doing so, it would not have benefitted Petitioner. Petitioner had already admitted to conspiring to distribute 50 grams or more of cocaine base/crack, which subjected her to a mandatory minimum sentence of ten years, or 120 months. This was well above the Guidelines range calculated using the 107.5 gram amount. Petitioner's sentence was set by the 50 gram amount to which she pled and was not based on any amount found by the PSR over 50 grams. Contesting any amount of drugs between 50 and 107.5 grams would have been pointless, as Petitioner's sentence would not have been affected. Again, Petitioner fails to show either a lack of reasonable representation or prejudice.

Finally, Petitioner faults counsel for not seeing that she was sentenced "under the new crack law." This is an apparent reference to the Fair Sentencing Act of 2010, which was passed about two months after Petitioner was sentenced on June 4, 2010. That law does not apply retroactively. *United States v. Bullard*, 645 F.3d 237, 249 (4th Cir. 2011); *see also Dorsey v. United States*, ___ U.S. ___, ___, 132 S.Ct. 2321, 2336 (2012) (holding that the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced on or after August 3, 2010); *United States v. Copeland*, No. 12-8027, 2013 WL 239092, *1 (4th Cir. Jan. 23, 2013) (concluding that "*Dorsey* did not alter this court's prior holding that the FSA does not apply retroactively to defendants sentenced prior to its effective date"). There was, therefore, no way for counsel to have her sentenced under that law. All of her ineffective assistance of counsel claims should be denied.

6

### Claim Three

Petitioner's final remaining claim is that she was subjected to some sort of impermissible sentencing disparity. At times, she also complains that her sentence was not reduced under the safety valve provision as she believed that it would be. This claim easily fails. She has pointed to no comparable person who committed the same conduct, but received a lesser sentence.[3] Indeed, she would be hard pressed to do so given that she received the lowest sentence that she could have without being found eligible for the benefit of the safety valve provision or receiving a reduction for substantial assistance. The government did not make a motion for substantial assistance in her case. As for the safety valve provision, Petitioner attempted to qualify, but did not. The sentencing judge's decision not to apply that provision was affirmed by the Fourth Circuit on appeal. (Docket Entry 57.) Petitioner cannot relitigate that point in this proceeding. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Her third claim for relief should also be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 64) be denied and that this action be dismissed.

_____
Joe L. Webster
U.S. Magistrate Judge

March 28, 2013

---

[3] She does point to one of her co-defendants in her reply brief. However, this does not help her because the co-defendant committed the same crime and received the same sentence. (Docket Entry 74 at 4.) The fact that her co-defendant's sentence was reached through a different plea bargain or sentencing calculation is irrelevant. Their ultimate sentence was the same.